JS-6

**FILED**
CLERK, U.S. DISTRICT COURT

August 11, 2017

CENTRAL DISTRICT OF CALIFORNIA
BY: ____VPC____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

MICHAEL DEAN CYRUS,

    Petitioner,

     v.

S. HATTON, Warden,

      Respondent.

Case No. SA CV 17-411 SJO (MRW)

**ORDER DISMISSING ACTION WITH PREJUDICE**

   The Court summarily dismisses Petitioner's habeas action as untimely and for failure to state a federal constitutional claim.

           * * *

   1.  Petitioner is a state prisoner.  In 1989, a jury convicted him of second degree murder involving the use of a firearm.  The trial court sentenced him to a prison term of 17 years to life.  The state appellate court affirmed his conviction on direct appeal.  His conviction became final in late 1990.

   2.  Petitioner engaged in several rounds of habeas actions after that.  Of note, he previously sought habeas relief regarding his conviction in this Court.

In 1997, the Court denied habeas relief. <u>Cyrus v. Clark</u>, No. SA CV 95-730 LHM (EE) (C.D. Cal.).

3.     In 2015, the United States Supreme Court invalidated a provision of the federal Armed Career Criminal Act. <u>Johnson v. United States</u>, ___ U.S. ___, 135 S. Ct. 2551 (2015). The Supreme Court concluded that the "residual clause" of that statute was unconstitutionally vague.

4.     In 2016, Petitioner initiated state court habeas proceedings based on the <u>Johnson</u> decision. His claim: the state murder statute under which he was convicted has a residual clause too, so it must be unconstitutionally vague under <u>Johnson</u>.

5.     Petitioner also claimed – again, in light of <u>Johnson</u> – that California's Board of Parole Hearings arbitrarily denied him parole.[1] Petitioner does not refer to any specific parole hearing or identify any specific procedure involved in those sessions that allegedly violated his constitutional rights. (Docket # 1 at 6.)

6.     After failing to obtain habeas relief in the state court system, Petitioner filed this action in federal court in March 2017 seeking relief under 28 U.S.C. § 2254. Magistrate Judge Wilner screened Petitioner's habeas action. The Court noted that it "is not clear" that Petitioner properly alleged a cognizable constitutional violation that could lead to habeas corpus relief. (Docket # 4 at 2.) The magistrate judge cited federal judicial decisions rejecting similar claims by state prisoners who sought to use <u>Johnson</u> to challenge historic state criminal convictions.

---

[1]     Petitioner contends that the state arbitrarily applies Penal Code section 3041(b), which sets forth the factors that the Board is required to consider in evaluating suitability for parole.

1    7.    Even so, after reviewing a supplemental submission from
2    Petitioner, Judge Wilner ordered the petition served on the California Attorney
3    General and directed a response.  (Docket # 4, 7, 8.)

4    8.    The Attorney General moved to dismiss the action.  The Attorney
5    General contends that the 2017 federal action challenging Petitioner's 1989
6    conviction is facially untimely.  The Attorney General further asserts that,
7    because Johnson does not have any application to Petitioner's state criminal
8    offense, the issuance of that decision in 2015 does not "restart" the time limits
9    under AEDPA or establish a constitutional claim.  The Attorney General also
10   argues that the present action is an improper successive habeas action that
11   Petitioner filed without the proper statutory authorization from the Ninth Circuit.
12   Finally, the Attorney General argues that Petitioner's parole denial challenge is
13   not cognizable.  (Docket # 9.)

14                                    * * *

15   9.    If it "appears from the application that the applicant or person
16   detained is not entitled" to habeas relief, a court may dismiss a habeas action.
17   28 U.S.C. § 2243; see also Rule 4 of Rules Governing Section 2254 Cases in
18   United States District Courts (petition may be summarily dismissed if petitioner
19   plainly not entitled to relief); Local Civil Rule 72-3.2 (magistrate judge may
20   submit proposed order for summary dismissal to district judge "if it plainly
21   appears from the face of the petition [ ] that the petitioner is not entitled to
22   relief").

23   10.    AEDPA imposes a one-year limitation period on state prisoners
24   who seek federal habeas review of their claims.  28 U.S.C. § 2244(d)(1).  The
25   statute of limitations is triggered when, among other things, state appellate
26   review becomes final or if a constitutional right "has been newly recognized by
27   the Supreme Court and made retroactively applicable to cases on collateral

28

review." 28 U.S.C. § 2244(d)(1)(A, C); <u>Lee v. Lampert</u>, 653 F.3d 929, 933 (9th Cir. 2011).

11.     Petitioner filed his federal action long after the AEDPA period expired. Because Petitioner's judgment became final before AEDPA's effective date (April 24, 1996), he had until April 24, 1997, to file a federal habeas petition. <u>Patterson v. Stewart</u>, 251 F.3d 1243, 1246 (9th Cir. 2001). Petitioner filed his action nearly 20 years after that. His action is clearly untimely under Section 2244(d)(1)(A).

12.     Petitioner argues that the <u>Johnson</u> decision "controls the starting date" of AEDPA's limitations period. (Docket # 16 at 12.) The Court construes his argument as invoking the "newly recognized" right provision of Section 2244(d)(1)(C).

13.     Petitioner is incorrect. In <u>Johnson</u>, the Supreme Court ruled on a specific provision of a <u>federal</u> criminal statute. Nothing in the <u>Johnson</u> decision or Petitioner's papers supports his claim that the Supreme Court established a new constitutional rule applicable to California's murder statute (Penal Code section 189).

14.     Moreover, every district court to look at the issue in this state agrees: <u>Johnson</u> neither identified a new federal constitutional right nor restarts the habeas clock under AEDPA for a state habeas action.[2] <u>See, e.g.</u>, <u>Walkwek v. Fox</u>, No. CV 17-370 JVS (JCG), 2017 WL 1073343 at *1 (C.D. Cal. 2017) ("Although California Penal Code § 189 [ ] may contain a residual clause, <u>Johnson</u> does not render all such clauses unconstitutionally vague."); <u>Johnson v. Fox</u>, No. CV 16-9245 GW (JCG), 2017 WL 1395512 at *1 (C.D. Cal. 2017)

_____
[2]     The Supreme Court recently concluded that <u>Johnson</u> applied retroactively to cases on collateral review. <u>Welch v. United States</u>, ___ U.S. ___, 136 S. Ct. 1257 (2016). However, that conclusion was clearly limited to a "federal collateral challenge to a federal conviction" involving the ACCA. <u>Id.</u> at 1264.

(same); Birdwell v. California, No. CV 16-7221 AG (KS), 2016 WL 5897780 at *2 (C.D. Cal. 2016) ("the Johnson decision is irrelevant here because Petitioner's state prison sentence was not enhanced under ACCA's 'residual clause' nor was his conviction based on any state analogue of that federal criminal statute"); Renteria v. Lizarraga, No. CV 16-1568 RGK (SS), 2016 WL 4650059 at *6 (C.D. Cal. 2016) (same); Lopez v. Castelo, No. CV 16-735 LAB (WVG), 2016 WL 8453921 at *4 (S.D. Cal. 2016) ("Fatal to his position, Petitioner attempts to broaden the holding of Johnson to pertain to a clause found in California's penal code, despite the fact that Johnson dealt solely with the ACCA[.] The Johnson decision has absolutely no applicability to the California murder statute under which Petitioner was convicted and his reliance on Johnson is therefore misplaced."); Perez v. Hatton, No. CV 17-2576 CAS (MRW) (C.D. Cal. 2017) (same).

15.     The Johnson decision has no application to Petitioner's case. As a result, that opinion provides no constitutional basis for him to challenge his state law murder conviction. It also renders his action untimely under AEDPA.[3]

* * *

16.     As to Petitioner's parole claim, the scope of this federal court's review of adverse parole determinations is quite narrow. The sole federal constitutional issue that a court may consider is whether a prisoner received "minimal" due process protections: "an opportunity to be heard" and "a statement of reasons" for the denial of parole. Swarthout v. Cooke, 562 U.S. 216 (2011). A federal court is not entitled to review the merits of the parole hearing, reweigh the evidence presented to the board, or evaluate a prisoner's claim for parole under state guidelines. Roberts v. Hartley, 640 F.3d 1042, 1046 (9th Cir. 2011).

---

[3]     Petitioner's vague reference to the First Amendment right to redress grievances has no application here. (Docket # 16 at 2.)

17. Petitioner's vague, broad challenge to the parole board's procedures does not allege a cognizable claim for federal habeas relief. Petitioner does not reference any specific parole hearing or explain how the Board violated any of the due process protections under <u>Cooke</u>. To the extent Petitioner also premises his parole claim on <u>Johnson</u>, his claim is without merit. <u>See, e.g.</u>, <u>Keller v. Hatton</u>, No. CV 16-08709 CJC (RAO), 2017 WL 2771529 at *5 (C.D. Cal. 2017) ("<u>Johnson</u> does not provide a new basis for challenging section 3041.").

\* \* \*

18. The Court concludes that Petitioner's habeas claims are untimely and fail to state a constitutional claim for relief. The action is therefore DISMISSED with prejudice.[4]

IT IS SO ORDERED.

Dated:  August 11, 2017

_____
HON. S. JAMES OTERO
UNITED STATES DISTRICT JUDGE

Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE

---

[4] The Attorney General is likely correct to note that Petitioner's current habeas case is successive under 28 U.S.C. § 2244. A prisoner must obtain authorization from the Court of Appeals to pursue a second or successive habeas petition <u>before</u> the new petition may be filed in district court. 28 U.S.C. § 2244(b)(3). <u>Burton v. Stewart</u>, 549 U.S. 147 (2007) (dismissing successive petition for failure to obtain authorization from court of appeals). Petitioner failed to do so. That renders this petition dismissible on its face.

However, he could conceivably cure that obvious defect by applying to the Ninth Circuit for such permission. Because the dismissal of a successive petition is without prejudice to later consideration (if authorized) of the merits of the claims, the Court declines to dismiss the present action on that ground.